Minshall, J.
The suit below was upon the blank indorsement of a promissory note by tbe defendant, Ricker, to the plaintiff, Farr. The petition contains the necessary averments to show the liability of the defendant as an indorser; but among other defenses, tbe defendant set up that at the time be made the indorsement, there was a parol agreement between them that he was not to be liable as an indorser, in other words, that the plaintiff was to take the note without recourse. This *266 was denied by the plaintiff, and, a jury having been waived, the case was tried to the court, which found for the plaintiff, and, after a motion for a new trial had been made and overruled, rendered judgment for the plaintiff. The judgment was reversed, on a proceeding in error by the circuit court, on the ground, as stated in the entry, that the court held, “as incompetent, and excluded from consideration, defendant’s verbal evidence, which tended to show that he wrote his name on the back of said note without recourse, or tended to show a verbal agreement between said parties, that the defendant was not to be held liable as an indorser on said note.” Evidence to this effect had been introduced by the defendant, which on motion was ruled out. The note had been purchased by the plaintiff of the defendant for value in the due course of business, and the indorsement was made to transfer the title. So that the case presents the question, whether parol evidence is admissible for the purpose of varying the legal effect of such an indorsement. There has been some conflict in the decisions as to this, but it now seems that the decided weight of authority is against its admission for such purpose. Its admission has generally been placed on the ground, that the contract of indorsement is an implied one, not in writing, and so not within the rule excluding parol evidence offered for the purpose of varying, or contradicting the terms of a written agreement. But this is not the generally received opinion, and is contrary to the usage and understanding of the commercial world. It is said by Justice Matthews in Martin v. Cole, 104 U. S. 37: “The contract created by the indorsement and delivery of a negotiable note, even between the immediate parties to it, is a commercial contract, and is not in any proper sense a contract implied by the law, much less an inchoate or imperfect contract. It is an express contract, and is in writing, some of the terms of which, according to the custom of merchants and for the convenience of commerce, are usually omitted, but not the less on that account perfectly understood. All its terms are certain, fixed, and definite, and, when necessary, supplied by the common knowledge, based on universal custom, which has made it both sáfe and convenient to rest the rights and obligations of *267 parties to such instruments upon an abbreviation. So that the mere name of the indorser, signed upon the back of a negotiable instrument, conveys and expresses his meaning and intention as fully and completely as if he had written out the customary obligation of his contract in full.” And it was there held that parol evidence is not competent to contradict or vary the legal effect of such an indorsement; and it is also stated that the cases in support of the rule “are too numerous for citation.” Regarding the indorsement, though in blank, as an abbreviated written agreement, all of whose terms are, by usage and custom, made definite and certain, such would seem to be the logical result of the previous decisions of this court. Thus it has been applied in a number of cases to the making of a note. Titus v. Kyle, 10 Ohio St. 444; Collins v. Insurance Co., 17 Ohio St. 215; to the drawing of a bill, Cummings v. Kent, 44 Ohio St. 92; and, also, to the acceptance of a bill, Robinson v. Kanawha Bank, 44 Ohio St. 441.
There are some exceptions to the rule : It is competent to an indorser to show as against his indorsee, that they became parties to the paper, for the accommodation of th.e maker or some other party, though in so doing, he may change his apparent liability to his indorsee. This is illustrated by the early case of Douglas v. Waddle, 1 Ohio, 413, and numerous cases elsewhere, on the ground that such evidence does not vary the contract, “ but, admitting its efficacy, would sho w.how the parties had agreed to bear the burden of it if need were.” Big. Lead. Cases, Bills & Notes, 169. It is also competent for an apparent indorser as against his immediate indorsee, or one with notice, to show that his indorsement was without consideration; for this is no more than may be done by a makér, drawer or. acceptor under like circumstances. Or he may show that his name was placed on the paper for a different purpose, than to transfer the title to the indorsee. The case of Morris v. Faurot, 21 Ohio St. 155, cited and much relied on by counsel for the defendant in error, is of this class. That such was the ground of the decision, is apparent from the facts, and the language employed by the judge in delivering the opinion of the court. He says: “A blank indorse *268 ment, which evidences a contract, the terms of which can not be contradicted or varied by parol testimony, is one made in the usual course of business, for the purpose of transferring the title or giving credit to the paper. The defense in this case was, that no transfer of title was intended, nor was credit intended to be given this note by the transaction, but that it was paid and discharged by the makers through and by the plaintiff, who was acting for them and at their request,” and that the defendant simply indorsed his name on the note to enable the plaintiff to show the makers that he had paid it. The case of Hudson v. Wollcott, 39 Ohio St. 618, also falls within this distinction. The name of Burt, who was sought to be made liable as an indorser, had, for the purpose of collection by the savings bank, been indorsed on the note some months before its transfer to Hudson, and the issue was whether this indorsement had been adopted in the transfer of the note to Hudson. Burt claimed that by the agreement Hudson was to take it without recourse, and that the omission to erase the indorsment was an oversight. It was held that he might do so. Morris v. Faurot, is cited and relied on, which shows that the judge did not intend to announce, as the facts of the case did not require, any rule different from that applied in the former case.
A further exception is made, that is more apparent than real, in favor of the indorsee, by which he is permitted to show a parol waiver of demand and notice. The cases of Dye v. Scott, 35 Ohio St. 194, and the second branch of Hudson v. Wolhott, supra, are of this character; and also, McMonigal v. Brown, 45 Ohio St. 499. The exception is on the ground that demand and notice is not a part of the contract,' but a mere step in the remedy, which may be waived by the indorser. By]. Bills, 6th Am. Ed. Sharswood’s Notes, 160 ; Bassenhorst v. Wilby, 45 Ohio St. 333, 339 ; 1 Par. N. & B. 584.
The limits fixed by these exceptions, confine the rule to an indorsement made for value in the usual course of business for the purpose of transferring the paper or giving it credit ; and within these limits, the rule is general that a contract of *269 indorsement as interpreted by mercantile law, though in blank, can not be varied by parol evidence of what was then agreed on by the parties. The case of Bailey v. Stoneman, 41 Ohio St. 148, is claimed to be opposed to this. The indorsement sued on in that case had been made in performance of a previous contract for building a house. The builder had agreed to take the note secured by mortgage in part payment for his work. The house was built, and the indorsement then made according to the previous agreement, The plaintiff, a subsequent indorsee, knew the facts. The court held that the indorsement being in blank, parol evidence of what was said by the parties in and about the transfer was properly admitted. If this case can be construed to hold that such evidence of a parol agreement, made at the time of the indorsement for the purpose of- varying its effect, is admissible, it is contrary to the subsequent case of Cummings v. Kent, supra; for it is there held that such evidence is not competent for the purpose of varying the liability of a drawer of a bill, and the drawer of a bill is, according to mercantile law, the same as the indorser of a note, or, in other words, every indorser of a note is regarded as the drawer of a new bill. And as Cummings v. Kent is the later case, the rule established by it should be followed until it is overruled. We are virtually asked to do so ; but this we are not disposed to do, as it is supported by, not only what seems to be the better reason, but also, the greater weight of authority. Bigelow’s N. & B. 178, § 3; Byl. Bills (7 Am. Ed. Sharsw.), 101 n. 1; 2 Whart. Ev. § 1059 n. 2; Benjamin’s Chalmer’s Dig. Art. 56; and cases cited in Cummings v. Kent, 44 Ohio St. at p. 97; Castle v. Rickley, 44 Ohio St. 490.
That an indorsement may be reformed in equity on the ground of accident, fraud, or mutual mistake, so as to make it conform to the real intention of the parties, as any other written agreement, will not admit of much doubt. In the case of McElvain v. Merchants’ & Farmers’ Bank, decided by this court a,t the January term, 1887, but not reported, in which the defendants below, who had been sued upon a note signed in their individual capacities, answered by way of cross-peti *270 tion, that by mutual mistake the note had been so signed, when by the agreement of the parties it should have been made the note of the association of which they were directors, and asked for a reformation, it was held that the action was appealable ; which, under our practice, was simply a holding that the parties were entitled to the relief they asked in case the averments were supported by proper proof. But such remedy must have been obtained, either by a suit for that purpose or by cross-petition in an action on the indorsement, before it can be relied on as a ground of defense. In such case the issue is triable to the court and must be sustained by clear and convincing proof, as in all similar cases, before the reformation can be had. This remedy affords a sufficient protection against any possible wrong that may result from the rule at law, and adequately protects the holder of negotiable paper.
There was no averment of any mistake or fraud contained in the answer, and no reformation was asked; and the evidence introduced, and not considered by the court, was insufficient to warrant a reformation, had it been asked. It consisted of the evidence of the defendant contradicted by that of the plaintiff; so that, were we, under the liberal principles of our code, to regard the answer as in the nature of a cross-petition for a reformation of the indorsement, which it is not, still the refusal of the court to consider the evidence could not be assigned as a ground of error, since, had it been considered, it would have been the duty of the court, by reason of the insufficiency of the evidence, to deny the relief; and it, alone, was the proper tribunal to consider it. Hence, in any view, there was no error to the prejudice of any substantial right of the party in the ruling of the court.

Judgment of the cireuit court reversed, and that of the common pleas affirmed.